UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS P. LAGRASSO, JR., individually
and on behalf of THOMAS P. LAGRASSO,
JR. IRA,

        Plaintiffs,

v.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, PRUCO LIFE INSURANCE
COMPANY, PRUDENTIAL ANNUITIES
DISTRIBUTORS, INC., VOYA INSURANCE
AND ANNUITY COMPANY, and VOYA
RETIREMENT INSURANCE AND ANNUITY
CORPORATION,

        Defendants.
_____/

Civil Case No. 18-11497
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY THE ACTION PENDING ARBITRATION

Plaintiffs filed this lawsuit in state court against Defendants and Michael A. Marcum ("Marcum"), which Defendants removed to federal court based on diversity jurisdiction after Plaintiffs voluntarily dismissed their claims against Marcum. The matter presently is before the Court on a motion to stay pending arbitration, filed by Defendants Voya Insurance and Annuity Company and Voya Retirement Insurance and Annuity Corporation (collectively "Voya Defendants"). (ECF No. 8.) Defendants Prudential Insurance Company of America, Pruco Life

Insurance Company, and Prudential Annuities Distributors, Inc. (collectively "Prudential Defendants") concur in the motion. (ECF No. 9.)

In their motion, Defendants ask the Court to stay the pending action, including delaying the deadline to respond to Plaintiffs' Complaint, during the arbitration of Plaintiffs' previously filed Financial Industry Regulatory Authority ("FINRA") claim against Marcum and Allstate Financial Services ("Allstate"). Plaintiffs filed a response to the motion in which they argue that a stay is unwarranted and that the two proceedings should continue simultaneously.

**Background**

Plaintiffs' current lawsuit and FINRA claims arise from the purchase of certain financial products through Marcum, an independent insurance agent, by Plaintiff Thomas LaGrasso, Jr. ("LaGrasso"). Marcum was licensed as a stockbroker with Allstate and was an appointed insurance agent with various companies.

LaGrasso formed the Thomas P. LaGrasso, Jr. IRA for the purpose of converting his 401(k) to buy Defendants' securities. LaGrasso alleges that he used almost all of the assets in his 401(k) to purchase the securities. LaGrasso asserts that the securities—specifically annuities—were an improper investment for him and that Marcum misrepresented them as safe, secure and suitable. LaGrasso

2

alleges that Marcum breached his fiduciary and contractual duties through these misrepresentations.

Defendants issued and/or distributed the financial products. They rely on brokers, like Marcum, to sell their products to customers, like LaGrasso. LaGrasso alleges that Defendants had a duty to properly supervise Marcum, but they negligently failed to competently and reasonably do so. LaGrasso further alleges that Defendants advertised that customers, like LaGrasso, would receive proper, competent, and suitable investment advice and that they were required under federal and state law to provide all material information and facts necessary for customers to evaluate the suitability of the investments offered. According to LaGrasso, he was given negligent, improper, and erroneous advice and the information he received was false and/or omitted material facts necessary to make an informed investment decision.

Plaintiffs filed the FINRA arbitration proceeding against Marcum and Allstate on December 7, 2017. In their Statement of Claim, Plaintiffs charge Marcum and Allstate with negligence, breach of contract, breach of fiduciary duty, fraud, silent fraud and negligent misrepresentation, securities fraud in violation of Michigan law, and violation of FINRA Rules of Fair Practice and the suitability standard. (*See* Pls.' Resp. Ex. 2, ECF No. 10-2.) Plaintiffs assert that the financial

3

products LaGrasso purchased were not suitable for him and should not have been sold to him, and that Allstate failed to properly supervise Marcum.

Plaintiffs filed the current action in Wayne County Circuit Court on February 21, 2018. In their Complaint, Plaintiffs assert the same causes of action, based on the same operative facts and financial transactions, and seek significantly the same relief as the FINRA arbitration. They initially named as defendants Marcum and the entities that issued the financial products LaGrasso purchased, but did not include Allstate. On May 10, 2018, Plaintiffs voluntarily dismissed Marcum and the Complaint was removed to federal court the following day.

**Applicable Law and Analysis**

The Federal Arbitration Act allows piecemeal, concurrent litigation where only some of the relevant issues are arbitrable. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Nevertheless, the Supreme Court has determined that "[i]n some cases … it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court … as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23 (1983). Exercising that discretion, several district courts within the Sixth Circuit have stayed the litigation of non-arbitrable claims pending the outcome of an arbitration. *See, e.g.,*

*Gordon v. Royal Palm Real Estate Inv. Fund I, LLC*, No. 09-11770, 2011 WL 835941, at *8-9 (E.D. Mich. Mar. 8, 2011); *Stacy v. H & R Block Tax Servs., Inc.*, No. 07-13327, 2008 WL 321300 (E.D. Mich. Feb.4, 2008); *Vaughn v. Marshall*, No. 2:09 CV 00097, 2009 WL 3260382, at *4 (S.D. Ohio Oct. 8, 2009); *DRS Precision Echo, Inc. v. Michigan Magnetics, Inc.*, No. 1:02-cv-161, 2003 WL 1141900, at *5 (W.D. Mich. Jan.7, 2003).

Citing a Sixth Circuit case as precedent, one district judge in this Circuit held that "where some claims are non-arbitrable, they can simultaneously proceed in [the district c]ourt only *if* they can be separated out; in other words, *if their resolution has no effect on the arbitrable issues*." *DRS Precision Echo, Inc.*, 2003 WL 1141900, *5 (emphasis in original) (citing *Lipskey v. Oppenheimer & Co.*, 717 F.2d 314, 319-20 (6th Cir. 1983)). As stated by another district judge, a court should stay litigation of non-arbitrable claims "where a decision in one forum could affect the resolution of claims in the other." *Spartech CMD, LLC v. Int'l Auto. Components Grp., N.A.*, No. 08-13234, 2009 WL 440905, at *13 (E.D. Mich. Feb. 23, 2009). Courts have found a stay appropriate where "a lawsuit against a nonsignatory [to an arbitration agreement] depends upon the same facts and is inherently inseparable from the arbitrable claims," *Patnik v. Citicorp Bank Trust FSB*, 412 F. Supp.2d 753, 762 (N.D. Ohio 2005), where the arbitration may resolve

5

issues in the lawsuit, *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991), or where staying the litigation would promote the federal policy in favor of arbitration, *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 782 (8th Cir. 2001). In comparison, courts have found a stay unnecessary after finding the non-arbitrable issues insufficiently intertwined with arbitrable issues, such as where the claims are "based on separate and distinct projects...." *Yamasaki Korea Architects, Inc. v. Yamasaki Assoc., Inc.*, No. 08-10342, 2008 WL 4940590, at *5 (E.D. Mich. Nov.17, 2008); *see also Spartech CMD*, 2009 WL 440905, at *14 (declining to stay non-arbitrable claims which were based on a contract distinct from those requiring arbitration and involved an independent transaction).

In the instant case, Plaintiffs' pending claims are inseparable from those asserted in the FINRA arbitration proceeding. Contrary to Plaintiffs' assertion, they allege the same causes of action under Michigan and federal law in the two proceedings. (*Compare* Compl., ECF No. 1 *with* Pls.' Resp., Ex. 2, ECF No. 10-2.) Here, Plaintiffs' claims against Defendants are primarily premised on a theory of supervisory liability. Thus, they are dependent on Plaintiffs showing first that Marcum committed the alleged illegal acts. This conduct is indisputably the subject of the pending arbitration proceeding. As such, the two matters are factually intertwined.

Moreover, if the pending action were allowed to proceed, Marcum's liability for the alleged misconduct would have to be resolved. This would result in litigation of arbitrable claims and could therefore "subvert the arbitration agreement." Allowing this issue to be resolved in arbitration first will preserve the parties' and the Court's resources, mitigate the risk of inconsistent rulings, and avoid undermining the federal policy in favor of arbitration.

Plaintiffs fail to show that staying this matter pending the completion of the FINRA arbitration proceeding will cause them undue hardship, prejudice, or inequity. The only harm Plaintiffs identify in response to Defendants' motion is a delay in the litigation of this action. They do not identify, however, how any delay will cause them prejudice. As a result, the Court cannot conclude that the prejudice caused by any delay outweighs the burden that separate proceedings would impose or the risk of inconsistent results.

For these reasons, the Court concludes that this matter should be stayed pending the resolution of the FINRA arbitration proceeding. In that instance, Plaintiffs urge the Court to compel Defendants to arbitrate rather than stay the litigation of this case. However, as the Sixth Circuit has held, "'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Simon v.*

*Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (quoting *United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)).  Plaintiffs do not reference a contract requiring Defendants to arbitrate the claims against them,[1] and Defendants do not consent to arbitration.  (*See* Defs.' Reply Br. at 6-7, ECF No. 15 at Pg ID 385-86.)  The Court, therefore, cannot compel Defendants to arbitrate this case.

Accordingly,

**IT IS ORDERED** that Defendants' motion for stay pending arbitration (ECF No. 8) is **GRANTED** and this matter is **STAYED** pending arbitration.  The deadline for Defendants to respond to Plaintiffs' Complaint is extended until fourteen days after the stay is lifted.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager

---

[1] Plaintiffs concede in their response brief that the Prudential Defendants and Voya Defendants are not covered by a FINRA arbitration agreement.  (Pls.' Resp. Br. at 4, ECF No. 10 at Pg ID 66.)